# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1998 SESSION



FILED

**July 8, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9711-CR-00451 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Joseph P. Dailey, Judge |
| | ) |
| **JOHNNY AKINS,** | ) (Aggravated Burglary) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

A C Wharton, Jr.
Shelby County Public Defender

Walker Gwinn
Assistant Public Defender
201 Poplar Avenue, Suite 201
Memphis, TN 38103
(On Appeal)

Dianne Thackery
Assistant Public Defender
201 Poplar Avenue, Suite 201
Memphis, TN 38103
(At Trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Janis L. Turner
Counsel for the State
Criminal Justice Division
Cordell Hull Bldg., Second Floor
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

Jerry Harris
James M. Lammey
Assistant District Attorneys General
201 Poplar Avenue, Suite 301
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

Johnny Akins was found guilty by a jury of aggravated burglary. He was sentenced to fifteen years in Tennessee Department of Correction. The trial court denied his motion for a new trial. He appeals. The sole issue is whether the evidence is sufficient to support his conviction. We affirm the judgment of conviction.

At approximately 12 noon on June 17, 1996, Malcolm Bruni left his home to go to lunch. At approximately 12:25, while on his way home, Bruni noticed a man riding a bicycle and carrying a "boom box." Bruni testified that the man appeared too big for the bicycle and that the sight was "weird." When he arrived home, Bruni discovered that someone had broken into his house. His bicycle and boom box were missing. Bruni called 911 and reported the burglary and the man on the bike. Officer Sharon Kelly of the Memphis Police Department and two other officers spotted the appellant near Bruni's home. When they stopped the appellant, he said that he had bought the bicycle. Bruni identified the appellant as the man riding the bike. Bruni identified the bike, boom box, credit cards, and a glove as his property. Bruni testified that between five and ten minutes elapsed between when he saw the man on the bike and when he was called to identify the appellant and his property. Bruni was approximately 100 yards from his house when he first saw the appellant on the bike. The appellant chose not to testify at trial.

The appellant challenges the sufficiency of the evidence. In a sufficiency of the evidence challenge, the relevant question on appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); T.R.A.P. 13(e); State v. Duncan, 698 S.W.2d 63 (Tenn. 1985).

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405 (Tenn. 1983). Moreover, a guilty verdict replaces the presumption of innocence enjoyed at trial with the presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). The appellant has the burden of overcoming the presumption of guilt. Id. On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978).

A person commits burglary who, without the consent of the property owner, enters a building, other than a habitation, not open to the public, with the intent of committing a felony, theft or assault. Tenn. Code Ann. § 39-14-402(a)(1) (Supp. 1996). Aggravated burglary is the burglary of a habitation. Tenn. Code Ann. § 39-14-403(a) (1991). A habitation is any structure adapted for the overnight accommodation of persons. Tenn. Code Ann. § 39-14-401(1)(A) (1991).

The appellant argues that the circumstantial evidence is insufficient to allow a jury to exclude every reasonable theory other than the appellant's guilt to explain the aggravated burglary. He contends that no one saw him break into the victim's house, no one saw him in the victim's house, and that no one saw him leave the house.

The State may prove a criminal offense by circumstantial evidence. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987). Before a jury may convict a defendant of a criminal offense based upon circumstantial evidence alone, the facts and circumstances "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant, and that beyond a reasonable doubt." State v. Crawford, 470 S.W.2d 610, 612 (Tenn. 1971). As in

the case of direct evidence, the weight to be given circumstantial evidence and "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958) (citation omitted).

The state contends that the evidence is sufficient to support the conviction. We agree. Most burglaries are not witnessed. The appellant was caught "red handed" with property that had been stolen from Bruni's home. Bruni testified that his window was broken so as to allow entry into his home. Bruni saw the appellant approximately 100 yards from his house minutes after the burglary occurred. Bruni identified the appellant and his property within an hour of when the burglary could have occurred. Although the appellant told the police that he had bought the bike, he offered no details to support this theory. Finally, in addition to the bike and boom box, the appellant was in possession of Bruni's credit cards.

The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID H. WELLES, Judge


_____
JOE G. RILEY, Judge